United States District Court
Southern District of Texas
**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAFIATOU MANSARE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-793 |
| | § | |
| | § | |
| MARKWAYNE MULLIN, *et al.,* | § | |
| | § | |
| Respondents. | § | |

## TEMPORARY RESTRAINING ORDER

Petitioner Safiatou Mansare a national of Guinea currently detained by United States immigration authorities at the Port Isabel Service Processing Center in Cameron County, Texas. (*See* Pet., Doc. 1)  Petitioner has protection from removal to Guinea. (*See id.*)

In a Verified Petition, Petitioner alleges that Respondents intend to remove her imminently to a third country, and that she has not received a reasonable fear interview as to any third country. (Mot. for TRO, Doc. 3)  Respondents confirm that they will remove Petitioner to Ghana in the immediate future, absent a court order prohibiting such a removal. (Mot. to Dismiss, Doc. 6)  Petitioner alleges that her removal violates her constitutional rights and requests that the Court enter a temporary restraining order prohibiting her removal while she seeks further relief. The Court previously issued a Temporary Restraining Order to preserve the status quo. (First TRO, Doc. 4)  On August 4, 2026, the parties attended a hearing before the Court and presented their arguments on whether the Court should issue a preliminary injunction.

In previous analogous cases, the Court has concluded that Respondents must comply with certain procedural safeguards before removing an alien to a third country. *See Guerra Gutierrez De Guerra v. Warden, Port Isabel Serv. Processing Ctr.*, No. 1:26-CV-327, 2026 WL 1179777 (S.D. Tex. Apr. 30, 2026); *Aranda-Gomez v. Bondi*, No. 1:25-cv-258 (S.D. Tex., Feb. 20, 2026).  Such safeguards include at least seven days' notice before removal to a designated third country, as well

1 / 3

as compliance with the notice and interview provisions of the March 2025 Guidance regarding removal of aliens to third countries, regardless of whether Respondents have received credible diplomatic assurances from that country that aliens removed there will not be persecuted or tortured.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Petitioner by the United States would cause Petitioner immediate and irreparable injury, as she would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). The Court finds that maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the arguments of the parties, and to prevent immediate and irreparable injury.

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents shall not remove Petitioner to a designated third country less than seven days after providing her with notice of the country to which she will be removed;

**ORDERED** that Respondents shall comply with the notice and interview provisions of the March 2025 Guidance as to Petitioner, irrespective of whether the Secretary of Homeland Security has determined that the country of removal has provided credible diplomatic assurances that aliens removed to that country will not be persecuted or tortured;

**ORDERED** that Respondents are enjoined from transferring Petitioner Safiatou Mansare outside of the Southern District of Texas during the effective dates of this Temporary Restraining Order, other than to a third country subject to the conditions of this Temporary Restraining Order; and

**ORDERED** that by no later than August 14, 2026, Petitioner Safiatou Mansare shall file a response to Respondents' Partial Motion to Dismiss and Motion for Summary Judgment (Doc. 6), and within her response, clarify the jurisdictional bases for her claims that challenge Respondents' third-country removal procedures.

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on August 19, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on August 5, 2026, at 9:45 a.m. (central standard time) in Brownsville, Texas.

_____
Fernando Rodriguez, Jr.
United States District Judge

3 / 3