United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAFIATOU MANSARE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-793 |
| | § | |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Safiatou Mansare is a national of Guinea currently detained by United States immigration authorities. (*See* Pet., Doc. 1) Petitioner has protection from removal to Guinea. She alleges that Respondents plan to remove her to a third country (Ghana), and that such removal would violate her constitutional and statutory protections.

Petitioner alleges multiple claims for relief. She contends that Respondents' third-country removal procedures violate her rights under the Due Process Clause of the Fifth Amendment. She also alleges that the procedures that Respondents employed when re-detaining her violated her rights under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). And she requests her immediate release from detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner moved for a temporary restraining order to prohibit her removal absent certain procedural protections. (Mot. for TRO, Doc. 3) On July 24, 2026, to maintain the status quo pending the resolution of Petitioner's claims, the Court issued a Temporary Restraining Order (Doc. 4) prohibiting Respondents from removing Petitioner to a designated third country without at least seven days' notice of the country to which she would be removed, and requiring Respondents to comply with the notice and interview provisions of the March 2025 Guidance.

Respondents move to dismiss and for summary judgment as to Petitioner's claims. (MSJ, Doc. 6)

On August 4, the Court held a hearing on the Petition, Motion for Temporary Restraining Order, and Respondents' Motion. Following the hearing, the Court extended the terms of the Temporary Restraining Order (Doc. 7) and afforded Petitioner an opportunity to submit a brief in support of her arguments and in response to Respondents' Motion. Petitioner timely filed her Reply (Doc. 8).

In her filing, Petitioner informs the Court that on August 14, United States Customs and Immigration Services conducted a fear screening for Petitioner as to her removal to Ghana, and reached a negative determination. (Reply, Doc. 8, 5) She re-urges her arguments in support of her claims and in response to Respondents' Motion.

In their Motion, Respondents contend that the Court lacks subject matter jurisdiction to consider Petitioner's claims related to the procedures employed for the third-country removal of aliens. Petitioner argues that courts possess subject matter jurisdiction under 28 U.S.C. § 2241. The Court questions whether an alien can rely solely on Section 2241 to request relief limited to procedural protections within the third-country removal process. Petitioner's claims, however, do not present such limited allegations. In addition to Section 2241, Petitioner alleges her causes of action based on multiple jurisdictional grounds, including 28 U.S.C. § 1331, 28 U.S.C § 2201–2202 (Declaratory Judgment Act), and 28 U.S.C. § 1651 (All Writs Act). And she requests relief that includes her immediate release, which no party contests falls within core habeas relief. In light of her specific jurisdictional and factual allegations, coupled with her causes of action and requested relief, the Court concludes that it possesses subject matter jurisdiction to reach the substance of her causes of action.

Having reviewed the record and based on the applicable law, as well as for the reasons that the Court indicated at the August 4 hearing, the Court concludes that Petitioner does not succeed

on the bulk of her claims. With respect to Petitioner's challenge to the third-country removal process, the Court concludes that she is entitled to the procedural protections that the Court has previously provided to similarly-situated aliens. *See Aranda-Gomez v. Bondi*, No. 1:25-cv-258 (S.D. Tex., Feb. 20, 2026). As to her claim based on the length of her detention and the foreseeability of her removal, the Court finds it premature, as she has been in immigration custody for about one month, well short of the six months that the Supreme Court has explained is a "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. And the Court concludes that her remaining claims fail on the merits.

In addition, the Court finds that factual development of the record is not required to resolve the issues that Petitioner presents. The Court converts Petitioner's request for a temporary restraining order and preliminary injunction into a request for a permanent injunction. The Court will separately issue a Permanent Injunction consistent with this Order.

As a result, it is:

**ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to the relief that the Court affords Petitioner in the accompanying Permanent Injunction (Doc. 10), and **DENIED** as to all other claims;

**ORDERED** that Respondents' Partial Motion to Dismiss and Motion for Summary Judgment (Doc. 6) is **GRANTED** as to the arguments consistent with this Order and accompanying Permanent Injunction (Doc. 10), and **DENIED** in all other respects; and

**ORDERED** that the Emergency Motion for Temporary Restraining Order (Doc. 3) is **GRANTED** as to the relief that the Court affords Petitioner in the accompanying Permanent Injunction (Doc. 10), and **DENIED** as to all other requested relief.

Signed on August 18, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge